## CIRCUIT COURT OF ARLINGTON COUNTY

Frankie L. Hambrick

    v.

Curtis N. Hambrick

January 22, 1985

Case No. (Chancery) 33983

By JUDGE THOMAS R. MONROE

This case came on to be heard for a monetary award to Complainant, an award of counsel fees and costs incurred by Complainant in these proceedings. A Final Decree of Divorce was entered on July 25, 1983, reserving consideration of marital property. Evidence was received and the Court gave due consideration to the papers filed and argument of counsel.

The parties have made a division of jointly held property. A Norfolk home was sold and each party received $21,000 in cash and a $9,500 note. A Centreville home was sold and each party received a note of $7,950 maturing in 1986.

They have agreed that each is entitled to an equity of $14,000 or more when the jointly owned Arlington Condominium is sold. Mrs. Hambrick has received the 1980 Datsun automobile having an equity of $2,500 at the time of this hearing.

Mr. Hambrick is forty-nine years of age and Mrs. Hambrick is forty-six. They were married on August 30, 1954, in Conway, South Carolina. Two children were born of this marriage and both were emancipated prior to the separation of the parties. At the time of marriage Mr. Hambrick was in the United States Navy and upon his discharge he went to college and graduated. He drove a taxicab on weekends. Mrs. Hambrick received a GED at about thirty years of age. Later on she took some courses at Community College. The par-

ties lived in Winston-Salem for seven years and then moved to Washington, D.C. where Mr. Hambrick began employment with the Department of Navy. Mrs. Hambrick did some sewing for Christmas money and then worked part-time, four hours per day, three days per week. Mrs. Hambrick was primarily a wife, mother and homemaker to the children. She received two small inheritances, one of $5,000 following the death of her father which she used to purchase an automobile and assist Mr. Hambrick in payment of his education. She received $2,000 from her grandmother's estate and used this sum to buy dining room furniture for the family. Six months before marriage she had a savings account and during marriage Mr. Hambrick used between $2,000 and $3,000.

Mrs. Hambrick was employed by Sheraton National Hotel from 1976 to 1983 in the field of hotel recreation in Arlington, Virginia. She rose to a salary of $31,000 per year and contributed to a retirement plan. Following the separation she withdrew her retirement contributions and moved to Florida to be near her daughter. She is now employed as a sales manager for a resort earning $25,000 per year.

Mr. Hambrick is and has been employed by the Department of Navy between seventeen and twenty years. He has contributed $27,624.32 towards his retirement he will receive at age sixty-five. He is now forty-nine years of age.

Section 20-107.3(E)(8) allows a consideration of the value of pension or retirement benefits whether vested or nonvested. Complainant has shown that the interest in the government retirement of Mr. Hambrick is marital property. Mrs. Hambrick raised the children of the marriage, helped in financing the education of Mr. Hambrick, remained in the home while working part-time and delayed acquiring her GED until age thirty. Mrs. Hambrick was seventeen years of age at the time of marriage and Mr. Hambrick was twenty. The marriage lasted for twenty-nine years. The foregoing facts cause me to treat Mr. Hambrick's retirement as marital property as to the amount contributed by Mr. Hambrick.

Section 20-107.3(E) of the 1950 Code of Virginia, as amended, lists the factors to be considered in arriving at an award and the method of payment. Consi-

dering all of the factors which have been presented, I am of the opinion that Mrs. Hambrick is entitled to a lump sum award of $6,000 to be paid to her by Mr. Hambrick within thirty days following entry of this Court's order. I am of the further opinion that Mr. Hambrick should reimburse Mrs. Hambrick costs advanced by her in the amount of $161, $300 transportation, lodging fees and $700 attorney fees within ninety days following entry of this decree.